

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT                                                          271 Cadman Plaza East
                                                             Brooklyn, New York  11201

June 15, 2009

The Honorable Charles P. Sifton
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

            Re:   United States v. Boris Nayfeld
                  Criminal Docket No. 08-0044 (S-1)(CPS)

Dear Judge Sifton:

        The government respectfully submits this memorandum in connection with the sentencing for the above-referenced defendant.  In a letter dated April 8, 2009, defendant Boris Nayfeld raises several objections to the Presentence Investigation report ("PSR").  None of the objections have any bearing on the applicable Guidelines calculation, which the defendant stipulated to as part of the plea agreement he entered into.  Indeed, defendant's letter does not challenge the Guidelines range or make any articulated argument for a sentence below the applicable Guidelines range.

        In particular, Nayfeld objects to the PSR's factual description of Nayfeld's participation in the Fanchini Organization and his involvement in attempting to import cocaine with co-defendant Roberto Alcaino. (Def. Let. at 1-3).  Since Nayfeld did not plead guilty to cocaine trafficking, this conduct was not included in the applicable Guidelines calculation nor does the government intend to prove this conduct through a Fatico hearing.

        Nayfeld also disputes whether he was knowingly part of the Fanchini Organization during the relevant time period in the indictment.  Once again, this is a distinction without a difference.  Nayfeld was unquestionably associated with Fanchini during the early part of the time period charged in the indictment - by his own admission.  In any event, Nayfeld was charged in a conspiracy and pled guilty to being a part of that

conspiracy. Whether he met with or was even aware of each and every member of the conspiracy is irrelevant.

Nayfeld also disputes the PSR's description of his role in laundering the proceeds of cigarette trafficking. Among other things, Nayfeld claims that his "sole involvement" was to borrow $85,000 for the purchase of counterfeit cigarettes. To the extent that Nayfeld is attempting to limit his culpability, Nayfeld specifically stipulated to a loss amount of at least $400,000 as set forth in the plea agreement.[1] Moreover, Nayfeld was involved - also by his own admission - in picking up the illegal proceeds from the cigarette trafficking operation, and surreptitiously distributing the funds to other co-conspirators by taping large amounts of cash to his body and carrying the cash across international borders. Nayfeld also claims that he "legitimately borrowed the funds" used for the purchase of the counterfeit cigarettes (Def. Let. at 3). This characterization is disingenuous at best. In fact, as the defendant himself admitted, he "borrowed" money from other organized crime members in order to finance the shipments of counterfeit cigarettes.

In sum, Nayfeld's objections to the PSR are contrary to the stipulated Guidelines calculation to which the defendant agreed by virtue of his guilty plea, and/or otherwise irrelevant to the applicable Guidelines range. Accordingly, no <u>Fatico</u> hearing is necessary to resolve these issues.

Very truly yours,

BENTON J. CAMPBELL
United States Attorney

By: _____
Steven Tiscione
Assistant U. S. Attorney

cc: Frank Tassone, Esq.

---

[1] Specifically, paragraph 2 of the plea agreement (attached as Exhibit A), provides that: "the defendant stipulates to this Guidelines calculation and agrees not to seek a <u>Fatico</u> hearing or trial on any issue.