CP:SLT
F.#2007R00229

COURT'S
EXHIBIT NO. 1
IDENTIFICATION/EVIDENCE
DKT. #
DATE 9-25-08

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

BORIS NAYFELD,

    Defendant.

- - - - - - - - - - - - - - - -X

PLEA AGREEMENT

Cr. No. 08-0044 (S-1)(CPS)

    Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and BORIS NAYFELD (the "defendant") agree to the following:

    1.    The defendant will plead guilty to Count Two of the above-captioned Superseding Indictment, charging money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h). The count carries the following statutory penalties:

    a.    Maximum term of imprisonment: 20 years (18 U.S.C. § 1956(a)(1)(B)(I)).

    b.    Minimum term of imprisonment: 0 years (18 U.S.C. § 1956(a)(1)(B)(I)).

    c.    Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. §§ 3583(b) and (e)).

      d.    Maximum fine: $500,000
(18 U.S.C. § 1956(a)(1)(B)(I)).

      e.    Restitution: N/A
(18 U.S.C. § 3663).

      f.    $100 special assessment
(18 U.S.C. § 3013).

      g.    Other penalties: Forfeiture as set forth in paragraphs 5-15 below.

2.    The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 24, which is predicated on the following Guidelines calculation:

| | |
|---|---:|
| Base Offense Level (2S1.1(a)(2)) | 8 |
| Plus: Involved Funds in Excess of $400,000 (2B1.1(b)(1)(J)) | +14 |
| Plus: Conviction under § 1956 (2B1.1(b)(2)(B)) | +2 |
| Plus: Sophisticated Means (2B1.1(b)(3)) | +2 |
| Less: Acceptance of Responsibility (3E1.1(a)) | -2 |
| Total: | 24 |

This level carries a range of imprisonment of 57 to 71 months, assuming that the defendant will be sentenced within Criminal History Category II. If the defendant pleads guilty on or before September 25, 2008, the government will move the Court, pursuant to U.S.S.G. § 3E1.1(b), for an additional one-level reduction, resulting in an adjusted offense level of 23. This level carries a range of imprisonment of 51 to 63 months, assuming that the defendant will be sentenced within Criminal History Category II. The defendant stipulates to this Guidelines calculation, and agrees not to seek a <u>Fatico</u> hearing or trial on any issue.

    3.    The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is different from the estimate, the defendant will not be entitled to withdraw the plea.

    4.    The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or

any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 71 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 6(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

     5.    The defendant acknowledges that he owns property which is subject to forfeiture as a result of his violation of 18 U.S.C. § 1956(h) as alleged in the Superseding Indictment. The defendant consents to the forfeiture of all of his right, title and interest in: (i) a money judgement in the amount of $90,000.00 (the "Money Judgement"); (ii) $10,300.00 in United States currency seized from the residence of Boris Nayfeld and

all proceeds traceable thereto; (iii) the real property located at 244 South Avenue 18, Los Angles, California, 90031; (iv) one 2.19 karat diamond seized from the residence of Nikolai Dozortsev and all proceeds traceable thereto; (v) $12,073.00 in United States currency seized from the residence of Nikolai Dozortsev and all proceeds traceable thereto; (vi) Account Number 114-042098 held in the name of Dozortsev and Sons Trading at JP Morgan Chase and all proceeds traceable thereto; (vii) Account Number 3014006369 held in the name of Dozortsev Realty, LLC at North Fork Bank and all proceeds traceable thereto; (viii) Condominium Unit 10B and parking space 19PK located at 2803 Ocean Parkway, Brooklyn, New York and all proceeds traceable thereto; (ix) the parcel or parcels of real property located in Newark, New Jersey, bounded on the north by Third Avenue East, on the east by Passaic Avenue, on the south by Fourth Avenue East, and on the west by McCarter Highway (New Jersey Route 21) and all proceeds traceable thereto; (x) 100,000 shares of Edgetech International, Inc., registered to Arthur Dozortsen, represented by Certificate No. 5379, seized from the residence of Arthur Dozortsev and all proceeds traceable thereto; (xi) 75,000 shares of Sionix, registered to Arthur Dozortsev, represented by Certificate No. 5041, seized from the residence of Arthur Dozortsev and all proceeds traceable thereto; (xii) Account Numbers 726379613 and 2724993205 held in the name of Arthur

Dozortsev at JP Morgan Chase; (xiii) Condominium Unit 304 located at 444 West 19th Street, New York, New York; and (xiv) A Riva 63, Vertigo #12 yacht purchased (or on order) from Lengers Yachts B.V. (collectively the "Forfeited Assets").

6. The defendant further acknowledges that his interest in the real property located at 244 South Avenue 18, Los Angles, California, 90031, is held in the name of his wife, Angela Nayfeld. Angela Nayfeld acknowledges that she has been made aware of the terms and conditions of the Plea Agreement. For the purpose of accomplishing the forfeiture of the real property located at 244 South Avenue 18, Los Angles, California, 90031, Angela Nayfeld hereby disclaims any interest in said real property, and consents to the judicial forfeiture of the real property. To that end, both Boris and Angela Nayfeld agree to execute whatever documents are necessary to transfer clear title to the United States. Angela Nayfeld hereby waives any notice required by 21 U.S.C. § 853.

7. The Money Judgment shall be paid two weeks prior to sentencing ("Due Date"). The failure of the defendant to pay the Money Judgment on or before the Due Date shall constitute a material breach of this agreement. Interest on any unpaid balance of the Money Judgment shall begin to accrue after the Due Date at the rate of interest set forth in Title 18, United States Code, Section 3612(f)(2).

8.      The defendant agrees to make all payments to satisfy the Money Judgment by certified or bank check, payable to the "United States Marshals Service," and shall cause said checks to be sent by overnight air express delivery to Assistant United States Attorney Evan Weitz, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of each check.

9.      The defendant agrees that the Forfeited Assets constitute property involved in the defendant's violation of 18 U.S.C. § 1956(h), and/or are property derived from proceeds the defendant obtained, directly or indirectly, as a result of his violations of 18 U.S.C. § 1956(h), and/or are property traceable to such property, and/or are a substitute asset as defined in 18 U.S.C. § 982, and thus are subject to forfeiture to the United States.  The defendant consents to the forfeiture of the Forfeited Assets to the United States, pursuant to 18 U.S.C. § 982.  The defendant agrees to the entry of a Preliminary Order of Forfeiture as to the Forfeited Assets.

10.     The defendant agrees to fully assist the Government in effectuating the surrender of the Forfeited Assets and to take whatever steps are necessary to ensure that clear title thereto passes to the United States.  The defendant agrees not to file or interpose any claim or to assist others to file or

interpose any claim to the Forfeited Assets in any administrative or judicial proceeding.

11. The failure of the defendant to forfeit the Forfeited Assets as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this plea agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. Upon such a breach, the Office may, among other things, exercise the remedies outlined in this agreement and in the Preliminary Order of Forfeiture. If forfeiture is not accomplished as provided above, the defendant consents to the forfeiture of any other property of his, up to the value of the Forfeited Assets not received, pursuant to 18 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture, including, but not limited to, notice contained in an indictment or information that the government will seek the forfeiture of property as part of any sentence. In addition, the defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the Forfeited Assets, and waives all constitutional, legal and equitable defenses to the forfeiture of

the Forfeited Assets, including, but not limited to, any defenses based on principles of double jeopardy, the <u>ex</u> <u>post</u> <u>facto</u> clause of the Constitution, the Eighth Amendment of the Constitution (including a claim of excessive fines), the statute of limitations, or venue.

13. The defendant agrees that the forfeiture of the Forfeited Assets is not to be considered a payment of a fine or a payment on any income taxes that may be due.

14. The defendant represents that he has disclosed all of his assets to the United States on a Financial Statement, dated September 11, 2008 and entitled "Boris Nayfeld - United States Department of Justice Financial Statement" (the "Financial Statement"), a copy of which is attached hereto as Exhibit A. The defendant agrees that a failure to disclose assets on the Financial Statement constitutes a material breach of this agreement. In addition, the defendant consents to the forfeiture to the United States of all assets in which he has an interest, but failed to disclose on the Financial Statement, if any.

15. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The defendant agrees to execute any documents to effectuate the forfeiture of said assets.

16. The Office agrees that:

   a. no further criminal charges will be brought against the defendant for the offenses set forth in the indictment and superseding indictment, to wit: money laundering; structuring transactions; conspiracy to launder the proceeds of illegal activity; and attempted possession and conspiracy to possess with intent to distribute cocaine, in or about and between 2005 and 2007, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the superseding indictment and the underlying indictment with prejudice;

and, based upon information now known to the Office, it will

   b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

   c. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 15(b) and 15(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to (a) moving for the additional one-level downward

adjustment for timely acceptance of responsibility described in paragraph 2 above, and (b) the provisions of paragraph 15(a)-(c).

17.   This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

18.   Apart from the proffer agreements dated February 22, 2008 and June 20, 2008, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties.  This agreement supersedes all prior promises, agreements or conditions between the parties.

To become effective, this agreement must be signed by all signatories listed below.

Dated:   Brooklyn, New York
         September 25, 2008

                                   BENTON J. CAMPBELL
                                   United States Attorney
                                   Eastern District of New York

By:  _____
     Steven Tiscione
     Assistant United States Attorney

Approved by: _____
            Carolyn Pokorny
            Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
BORIS NAYFELD
Defendant

_____
ANGELA NAYFELD

Approved by:

_____
Frank Tassone, Esq.
Counsel to Defendant